Argued May 29, affirmed July 2, 1979

CREDIT SERVICE COMPANY, *Respondent,*

*v.*

CAMERON, *Defendant,*

SMITH, *Appellant.*

(No. 89945, CA 12728)

597 P2d 363

Steven E. Benson, Portland, argued the cause and filed the brief for appellant.

Jonathan K. Enz, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

The appellant is the transferee of an interest in real property conveyed to her by a judgment debtor who was entitled to a homestead exemption in the property against which the judgment was a lien. She commenced proceedings pursuant to ORS 23.280 [1] to effect a discharge of the judgment lien against the real property, and appeals from an order denying the relief requested.

[1] ORS 23.280 provides:

"(1)   At any time after the date of execution of an agreement to transfer the ownership of property in which a homestead exemption is claimed pursuant to ORS 23.240, the homestead claimant or his transferee may give notice of intent to effect discharge from the judgment lien to any owner of the judgment docketed against the homestead claimant in the county in which the property is situated. Each notice shall be styled as a paper in the action in which the judgment was recovered and shall:

"(a)   Identify the property and the judgment and state that the judgment debtor is about to transfer, or has transferred, the property and that the transfer is intended to discharge the property from any lien lawfully arising out of the judgment;

"(b)   State the fair market value of the property on the date of the notice and list the encumbrances against the property, including the nature and date of each encumbrance, the name of the encumbrancer and the amount presently secured by each encumbrance;

"(c)   State that the property is claimed by the person giving the notice to be wholly exempt from the lien of the judgment or, if the value of the property exceeds the sum of the encumbrances specified as required under paragraph (b) of this subsection that are senior to the judgment lien and $12,000, that the amount of the excess or the amount due on the judgment, whichever is less, will be deposited with the clerk of the court in which the judgment is docketed for the use of the judgment holder; and

"(d)   Advise the holder of the judgment that the property may be discharged from any lien arising from the judgment, without further notice to the holder of the judgment, unless prior to a specified date, which in no case may be earlier than 14 days after the date of mailing of the notice, the judgment owner files objections and a request for a hearing on the matter as provided in ORS 23.290.

"(2)   Each notice described by subsection (1) of this section shall be sent by certified mail to the present holder of the judgment, as shown by the judgment lien docket, at his present or last-known address according to the best knowledge of the person sending the notice. A copy of each notice, together with proof of mailing, may be filed with the clerk of the court with whom the judgment is docketed and shall be filed by the clerk with the records and files of the action in which the judgment was recovered."

[59]

Appellant assigns error to the trial court's ruling that ORS 23.240(4)[2] may not be applied retroactively to a judgment lien docketed prior to the enactment of that subsection, and to the resulting denial of her relief. We affirm because we conclude that ORS 23.240(4) has no application to proceedings under ORS 23.280, and do not reach the question of retroactive application of that subsection.

The applicable sections were enacted in 1975 (Oregon Laws 1975, ch 208, § 5; ch 742), and in *State ex rel Nilsen v. Jones,* 33 Or App 581, 585-86, 577 P2d 541 (1978), we summarized the applicable law generally, before and after those amendments, as follows:

"Prior to the 1975 amendments to the homestead laws, [footnote omitted] plaintiff's judgment was a lien against defendants' real property, ORS 18.350(1), even though their equity therein did not

---

[2] ORS 23.240, in its entirety, provides:

"(1) A homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $12,000, except as otherwise provided by law. When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section shall not exceed $12,000. The homestead must be the actual abode of and occupied by the owner, his spouse, parent or child, but such exemption shall not be impaired by:

"(a) Temporary removal or temporary absence with the intention to reoccupy the same as a homestead;

"(b) Removal or absence from the property; or

"(c) The sale of the property.

"(2) The exemption shall extend to the proceeds derived from such sale to an amount not exceeding $12,000 held, with the intention to procure another homestead therewith, for a period not exceeding one year.

"(3) The exemption period under paragraphs (b) and (c) of subsection (1) of this section shall be one year from the removal, absence or sale, whichever occurs first.

"(4) When the owner of a homestead has been adjudicated bankrupt or has conveyed the homestead property, the value thereof, for the purpose of determining a leviable interest in excess of the homestead exemption, shall be the value on the date of the petition in bankruptcy, or on the date the conveyance becomes effective, whichever shall first occur."

[60]

exceed the homestead exemption—the lien remained in limbo and attached to any value of the property in excess of the exemption at the time of levy of execution, even though the property was then owned by a purchaser of the debtor or the debtor had been previously discharged in bankruptcy. [Footnote omitted.] However, the excess could not be reached until there was a judicial determination that there was an excess, and there was no statutory procedure to make such a determination except as an incident to the creditor's voluntary levy of execution. [Footnote omitted.] ORS 23.270. The creditor could bide his time in hopes that the value of the property and the 'leviable interest' would increase.

"In 1975, the legislature addressed these problems by enacting ORS 23.280-23.300, under which these proceedings were initiated, and by adding subsection (4) to ORS 23.240. ORS 23.280 permits the *debtor* or his transferee to have a judicial determination of the leviable interest in the homestead at any time after signing an agreement to transfer the property, and provides for determining the value of the property at the time the proceedings are initiated. ORS 23.280(1)(b). The procedure might be characterized as an 'inverse execution' in that the creditor is forced to assert and enforce his judgment lien, or lose it with respect to that homestead property of the debtor. It has the salutary effect of permitting the transferee to take the property free of the judgment lien."

The appellant here filed these proceedings July 3, 1978, pursuant to ORS 23.280, and in accordance with ORS 23.280(1)(b), stated the fair market value of the property on the date of the notice to be $50,000. She also alleged that the value thereof on the date of transfer to her in January, 1976, was $42,500. The judgment creditor objected to the value as alleged (ORS 23.290), and after a hearing, the trial court determined the fair market value as of the date of the notice to be in excess of $56,000. At the hearing, appellant contended the value should be determined under ORS 23.240(4)—that is, as of the date of the transfer to her about two and a half years earlier,

[61]

which she alleged to be $42,500. As indicated above, the trial court held the subsection could not be applied retroactively, and found that the amount of liens having priority over the judgment lien, together with the $12,000 homestead exemption did not exceed the value of the property. The proceedings were then dismissed.

It is apparent from the statutory scheme embodied in ORS 23.240 and ORS 23.280 – 23.300 that the appellant's remedy, if any, was under ORS 23.280 to force the determination of the leviable interest in the property based upon its value at the time the proceedings were commenced as opposed to its value at the time of transfer. ORS 23.240(4), on the other hand, has no application to ORS 23.280 proceedings, but was enacted to limit the judgment creditor's leviable interest following a transfer of the property or a discharge of the debtor in bankruptcy. It applies to a levy of execution by the creditor, not to discharge proceedings commenced by the debtor or his transferee under ORS 23.280. Its function is to permit a transferee to know what the creditor's leviable interest is at the time of the transfer and to take it into account in the transaction.

If the judgment creditor will not voluntarily discharge the judgment lien based upon the leviable interest determined under ORS 23.240(4), then ORS 23.280 permits the debtor or a transferee, at any time after the execution of an agreement to transfer, to force the issue and to effect a discharge of the judgment lien without waiting for the creditor to act. If the proceedings are commenced without delay, there should be no difference in the leviable interest. It is true that if the transferee fails to act promptly, and the creditor does nothing, the creditor may benefit from the transferee's delay in commencing ORS 23.280 proceedings; however, the length of the delay is within the control of the transferee.

[62]

Appellant does not contend here that the trial court erred in finding the fair market value of the property to be $56,000 as of the date of the notice, but only that the value should have been determined as of the date of the transfer to her pursuant to ORS 23.240(4). We decide only that question,[3] and affirm the trial court's order denying appellant's request to discharge the judgment lien.

Affirmed.

[3] We express no opinion as to the status or value of the "leviable interest" in future proceedings involving the judgment lien on this real property.